# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Adam Lee Cadena** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number: **2:03CR00204-002JB and 2:03CR00419-005JB**<br>USM Number: **24600-051**<br>Defense Attorney: **Eduardo Solis (Appointed)** |

THE DEFENDANT:

☒ admitted guilt to violations of condition(s) **Special** of the term of supervision.
☐ was found in violation of condition(s)   after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Special Condition- The defendant failed to participate in and successfully complete a substance abuse treatment program which may include testing, outpatient counseling, or residential placement. | 07/11/2012 |

The defendant is sentenced as provided in pages 1 through **3** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s)   and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **4854**<br>Last Four Digits of Defendant's Soc. Sec. No. | **December 5, 2012**<br>Date of Imposition of Judgment |
| **1975**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Las Cruces, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **January 9, 2013**<br>Date Signed |

Defendant: **Adam Lee Cadena**
Case Number: **2:03CR00204-002JB and 2:03CR00419-005JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **141 days or time served, whichever is less** .

**Said term shall run concurrently to 2:03CR00419-005.**

**A term of supervised release is not reimposed.**

**Defendant Adam Cadena, pursuant to U.S.S.G. § 7B1.1, has committed a Grade C violation of his supervised release. Cadena`s criminal history is category V. His advisory guidelines sentence is 7 to 13 months pursuant to the policy statement in U.S.S.G. § 7B1.4.**

**The Court concludes that a sentence of 141 days, or time served, adequately reflects the seriousness of the crime that Cadena has committed and will promote respect for the law, provide just punishment, and afford adequate deterrence. While the sentence varies from the suggested range under the Sentencing Guidelines, it is a more reasonable sentence and more faithfully promotes the sentencing goals that Congress set forth in 18 U.S.C. § 3553(a).**

**The Court notes that Cadena violated a condition of his supervised release by testing positive for cocaine. The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. The Court has carefully considered the parties` arguments in this case and Cadena`s circumstances. Cadena has struggled throughout the his life with addiction to drugs, especially cocaine. Having worked hard at rehabilitation over the past few years, Cadena has taken the initiative to get his college education, and is currently attending New Mexico State University, where he is nine credits short of a Bachelor of Science degree in Psychology. In addition, Cadena is a licensed hair stylist, and has been working at a barber shop, where he rents out a booth. Last year, Cadena was granted primary custody of his daughter, Britney, after a full investigation by the New Mexico Children, Youth, and Family Department determined that his having custody was in Britney`s best interests. Cadena has demonstrated that he is determined to better himself, and has taken positive steps to turn his life around and is heading down the path to become a contributing member of society.**

**Cadena commenced his term of supervised release on March 1, 2010. In September 2010, Cadena reported to the United States Probation Office, admitting to using illicit drugs and requesting additional services, which he was provided. Cadena maintained sobriety for eleven months, until in February 2012 he tested positive for cocaine, and the Court again modified his conditions of supervised release. Cadena admitted at the hearing on revocation of his supervised release that he had once again fallen off the wagon in his ongoing struggle with addiction, and for that he was very sorry. He stated, however, that missing one-eighth of his daughter`s high school career because he is in prison after having recently been granted primary custody of her has given him a new perspective, and has provided him new strength with which to fight his addiction. The Court believes that, given Cadena`s recent success at New Mexico State University bringing him within nine hours of obtaining his degree, continuing to pursue that degree willhelp him down the pathway to success and avoid recidivism. Cadena stated that the spring semester begins on January 15, 2012, and to prepare for that semester, he needs to register for classes. If he were permitted to resume working as a barber immediately before the semester began, he would have more financial resources and would be less pressured to work rather than study once the semester begins. The Court considered keeping him in custody for a couple more weeks, but then letting him out to attend school; however, keeping him in prison during December might impact his ability to register and get himself in a financial position to facilitate a more successful spring semester. In light of Cadena`s circumstances and his substantial progress in bettering himself and his family, the Court believes that a sentence of 141 days, or time served, provides just punishment for the offense and also provides adequate deterrence. Because the underlying offense was not violent and Cadena`s history shows no tendency for violence, this sentence adequately protects the public. The Court often varies in Class C violations of supervised release. Although the Court does not vary as often in Class C violations of supervised release for defendants with a criminal history similar to Cadena`s, the Court is not often faced with defendants that have taken the initiative to better themselves through education to the extent Cadena is trying to do, and is very close to achieving. A sentence of 141 days, or time served, thus avoids unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, because there are multiple rehabilitative reasons to warrant a variance. This sentence, therefore, adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted**

sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). This sentence of time served, in light of Cadena having made substantial progress toward graduating from New Mexico State University, and committing to remain an important positive influence in his daughter`s life, reflects the seriousness of the offense and promotes respect for the law. Getting an education and a job, and staying in contact with a child, reduce recidivism. Here, two things most important to easing Cadena back into society after time in prison are occurring; further incarceration would threaten and possibly retard rehabilitation, defeating the purpose of supervised release. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Cadena to 141 days imprisonment, or time served.

☐  The court makes these recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.
☐  The defendant shall surrender to the United States Marshal for this district:
  ☐  at  on
  ☐  as notified by the United States Marshal.
☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐  before 2 p.m. on
  ☐  as notified by the United States Marshal
  ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL